MR. JUSTICE HODGES
delivered the opinion of the Court.
After investigation and hearing, the Public Utilities Commission found that the appellant, the holder of a certificate of public convenience and necessity, had exceeded its operating authority. Specifically, it was found that the appellant contracted for and engaged in transporting shipments on a regular basis in a locality outside of its authorized area. Because of this violation, the PUC cancelled the portion of the operating authority which permitted “occasional service” outside the authorized area. On review, the trial court affirmed the order of the PUC.
On appeal, the appellant urges reversal on two grounds: First, it is contended that the appellant did not exceed its authority because it was in fact not making the questioned shipments on a regular basis but under its “occasional service” authority. Second, even if the appellant did, in fact, violate its authority, the PUC abused its authority and *329 discretion by cancelling the “occasional service” authority and that perhaps an appropriate fine would have been a more suitable penalty. There is no merit in either of these arguments and we therefore affirm the trial court’s disposition in this case.
I.
Certificate No. 416, owned by the appellant, in pertinent part authorizes:
“The conduct of a transfer, moving and general cartage business in the counties of El Paso and Teller, and for occasional service from one point to another within the State of Colorado.”
Purporting to use the “occasional service” authority of this certificate, the appellant bid on and won a contract with the General Services Administration. The contract called for daily service for one year from and to points in the Denver metropolitan area, which is located many miles from El Paso and Teller counties. As an indication of the volume of deliveries involved, the contract specified that the appellant carrier provide four tractors, five semi-trailers, and ten city trucks with at least one-ton capacity to be available at all times.
At the hearing before the PUC, it was brought out that in a period of 17 days, the appellant had made deliveries within the Denver metropolitan area on 242 bills of lading. The PUC, on the basis of this and other evidence, concluded and found that such daily regular service was not encompassed within “occasional service” authority set forth in the appellant’s certificate.
The appellant-carrier argues that its service under this contract was “occasional” because of the scattered nature and timing of shipments to the numerous consignees and that all the shipments came from the same point of origin and were made by the same consignor. A similar situation was involved in Englewood Transit v. Pub. Util., 167 Colo. 54, 445 P.2d 218 (1968). Our statement in that case with respect to this argument of the appellant fully applies here. We there stated:
*330 “The fact that only one contract is involved does not change the nature of the loading of hundreds of separate shipments into ‘occasional service.’ The limitation contained in the certificate is not subject to avoidance by such farfetched reasoning.”
See also P.U.C. v. Watson, 138 Colo. 108, 330 P.2d 138 (1958) wherein a definition and description of “occasional service” is set forth. Neither encompasses the type of transportation service conducted by the appellant in the Denver metropolitan area as shown in this case.
II.
The appellant’s argument that the PUC abused its authority and discretion by cancelling the “occasional service” portion of the appellant’s certificate has no merit whatsoever. Essentially, the appellant is arguing that the cancellation was too harsh a penalty and that perhaps a fine would have been more justified in this case.
C.R.S. 1963, 115-9-12 empowers the PUC to order a revocation or to alter or to amend a certificate of public convenience and necessity for a violation of its rules and regulations. Rule 6 of the Public Utilities Commission prohibits a common carrier by motor vehicle from in any manner enlarging, diminishing, changing, altering or varying the territory, route or routes, or the service authorized by its certificate without authority of the PUC. The evidence here establishes a clear violation of this rule. A similar contention made by the appellant here was disposed of in Rumney v. Pub. Util., 172 Colo. 314, 472 P.2d 149 (1970) wherein we stated that:
“We know of no authority, and none has been cited, that vests in the reviewing courts under the Colorado law the power to overturn a decision of the Commission which it has the authority to make. If the evidence supports a finding that the statutes governing the regulation of the particular carrier and the rules and regulations of the Commission have in fact been violated, it is clear that the Commission has the statutory authority to revoke the violator’s PUC permit.”
Judgment affirmed.